IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CARLOS RUBEN ZUNIGA,                         §
                                             §
                    *Plaintiff,*             §         5-24-CV-00656-OLG-RBF
                                             §
vs.                                          §
                                             §
MERRICK GARLAND, U.S.                        §
ATTORNEY GENERAL; AND MARIO                  §
ORTIZ, DIRECTOR, UNITED STATES               §
CITIZENSHIP AND IMMIGRATION                  §
SERVICE DISTRICT;                            §
                                             §
                    *Defendants.*            §

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the status of this case. Certain pretrial matters in this action have been referred for resolution, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 5. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the matter should be **DISMISSED**.

Plaintiff Zuniga originally filed this action asking the Court to "compel[] and order[] the Respondents to process his application for naturalization form N-400 and I-912, under the APA action that is legally required." Dkt. No. 1 at 5; *see also* Dkt. No. 15 at 5 (asking the same in addition to requesting that the Court compel and order Respondents to process "fee waiver requests form I-912, under the APA, DJA, and 8 U.S.C. § 1445(a)."). Defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Dkt. No. 21. After five months

without a response, the Court entered an Order instructing Plaintiff to respond and providing Plaintiff until November 26, 2025, to do so. Dkt. No. 22. The Order plainly explained that even if no response to the Motion to Dismiss was forthcoming, *a response to the Court's order* was required for Plaintiff to continue with the litigation:

> If Plaintiff does not wish to file a Response or affidavit but still wishes to pursue the case, Plaintiff may file a notice, by the above deadline, clarifying as much, and the Court will then take up the Defendants' Motion without the benefit of a Response. But if Plaintiff files no response, affidavit, or notice or otherwise does not comply with this Order—given the length of time the present Motion has been pending and during which no activity has occurred in the case—the Court will recommend dismissal of the case for want of prosecution or failure to follow a pretrial order. *See* Fed. R. Civ. P. 16 & 41(b).

*Id*. at 2.

The November 26, 2026, deadline has since expired, and Plaintiff has not filed any form of response, motion, or notice. Plaintiff's last filing was over six months ago, on May 12, 2025, when he filed a notice of change of address. Dkt. No. 20. Plaintiff, therefore, has not diligently prosecuted this case and has ignored the opportunity granted to him by the Court to resuscitate the matter or even minimally indicate a continuing desire to pursue it. As such, Defendants' Motion to Dismiss can be taken up on the merits without a response or the action can simply be dismissed for want of prosecution and failure to follow a Court order. *See* Fed. R. Civ. P. 41(b). Seeing no indication that Plaintiff is still prosecuting the case or wishes to prosecute the case—and despite the Court ordering such indication and providing ample opportunity to provide it—dismissal of the case is now appropriate for want of prosecution and failure to follow a court order and without the need to engage on the jurisdictional issues and merits of the Motion to Dismiss.

**Conclusion and Recommendation**

For the reasons discussed above, it is recommended that the case be **DIMISSED** without prejudice.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

3

accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 5th day of January, 2026.

**RICHARD B.  FARRER**
**UNITED STATES MAGISTRATE JUDGE**